# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PILCHESKY, | : | NO. 1:24-CV-02258 |
| Plaintiff, | : | |
| | : | (SAPORITO, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| OFFICE OF ATTORNEY | : | |
| GENERAL OF PA, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Pending before the Court are Defendants Office of the Attorney General of Pennsylvania (OAG), Attorney General Michelle Henry, Deputy Attorney General Philip McCarthy, and Senior Deputy Attorney General Cari Mahler (OAG Defendants), and Deputy Attorney General Jacob Frasch's motions to dismiss (docs. 10, 25) Plaintiff Joseph Pilchesky's Amended Complaint (doc. 9). The undersigned respectfully recommends that the Court grant the Defendants' motions to dismiss.

## I.   BACKGROUND[1]

The relevant factual allegations are few and far between.

---

[1] In considering this motion to dismiss, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Although the Amended Complaint spans seventy-seven pages, containing 249 numbered paragraphs plus ten pages of self-aggrandizing background dating back over twenty years, most of the document is irrelevant to the Plaintiff's claims.[2] The undersigned, thus, only briefly summarizes the salient factual background.

A.    **Factual background**

As alleged, beginning in 2013, Pilchesky was charged, convicted, and sentenced in Pennsylvania state court for the unauthorized practice of law. Doc. 9 ¶¶ 1, 15, 17. For over a decade, Pilchesky tried to appeal his conviction through the state appeals and post-conviction relief channels. *See id.* at 6; *id.* ¶¶ 25, 38. All attempts at appeals have failed. *Id.* ¶¶ 25, 38.

Throughout these proceedings, Pilchesky faced the Defendants, the OAG and its employees, as adversaries. *Id.* at 6. At the trial court, McCarthy represented the state. *Id.* ¶ 47. Mahler took over as the

---

[2] The Amended Complaint is entirely too long, too rambling, and too disorganized to satisfy pleading standards. Indeed, "the needless factual detail and the verbose nature of the Plaintiff's complaint are unfairly burdensome to [the] Defendants." *Untracht v. Fikri*, 368 F. Supp. 2d 409, 414 (W.D. Pa. 2005).

appellate attorney. *Id.* ¶¶ 122-23. Finally, Frasch represented the OAG when Pilchesky brought a prior civil action in federal court against the OAG Defendants. *See id.* ¶¶ 179, 182-83. Pilchesky does not allege that Henry had any personal involvement in his criminal case or appeal. *See id.* ¶¶ 154-174.

Pilchesky alleges that: (1) McCarthy filed various legal documents, *id.* ¶¶ 53-54, 58, 61; (2) McCarthy communicated with Pilchesky's defense counsel and Mahler, *id.* ¶¶ 59-62, 97; (3) McCarthy, Mahler, and Henry could have conceded to Pilchesky's legal argument but did not, ignoring opportunities to "right [their] wrongs," *id.* ¶¶ 66, 74-75, 94-95, 106, 127-128, 132-135, 168-170; and (4) Frasch filed briefs containing "false statement [sic] and bogus legal conclusions." *Id.* ¶ 188.[3]

---

[3] In between the sparse factual allegations, Pilchesky peppers in irrelevant statements about the inordinate number of court cases he has filed in Lackawanna County (doc. 9 at 6), his dissatisfaction with his trial level defense counsel (*id.* ¶ 63), a Dell computer that his ex-wife stole (*id.* ¶ 90), his political activities and the various website domains he owned (*id.* ¶¶ 80, 107), and his belief that "no one is licensed to practice law in Pennsylvania" (*id.* ¶ 196).

### B.    Procedural history

On December 30, 2024, Pilchesky filed a complaint against the defendants. Doc. 1. After the OAG Defendants moved to dismiss (doc. 7), Pilchesky filed the Amended Complaint as a matter of course. Doc. 9.

In the Amended Complaint, Pilchesky recites seven causes of action: (1) First Amendment retaliation; (2) selective prosecution under the First and Fourteenth Amendments; (3) Fourteenth Amendment due process; (4) First Amendment invasion of privacy; (5) violation of Equal Protection; (6) Fourth Amendment unlawful search and seizure; and (7) conspiracy. *Id.* ¶¶ 225-248. Pilchesky requests that the Court declare that the defendants violated his constitutional rights, enjoin the defendants from charging or prosecuting him "ever again," and award him damages. *Id.* ¶ 249(a)–(f).

The OAG Defendants and Frasch moved to dismiss. Docs. 10, 25. All parties have had the opportunity to brief the issues, and the time for filing briefs has passed, so all motions are ripe for resolution.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Even a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation.

## III.   ANALYSIS

The defendants' motions to dismiss should be granted because the OAG is entitled to sovereign immunity, the individual OAG Defendants are entitled to prosecutorial immunity, and Pilchesky fails to allege a

sufficient claim of fraud upon the court against Frasch. The undersigned begins with the non-merits, immunity issues.

## A. The OAG Defendants' Motion to Dismiss

The OAG Defendants argue that: (1) the OAG is a state agency entitled to sovereign immunity; (2) the individual OAG Defendants are entitled to prosecutorial immunity; and (3) Henry, as supervisor of the individual OAG Defendants, was not personally involved in Pilchesky's alleged constitutional violations. OAG Defs.' Br., doc. 11 at 6-7.

### 1. *The OAG is entitled to Sovereign Immunity.*

It is well-established that state governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010). Thus, under § 1983, "neither a State nor its officials acting in their official capacities are 'persons,'" subject to a lawsuit for damages. *Hafer v. Melo*, 502 U.S. 21, 26 (1991), quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This is because the "Eleventh Amendment has long been interpreted to prohibit," "a suit brought by a citizen against his own state." *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

Here, Pilchesky sues the OAG, which "share[s] in the immunity conferred to the States by the Eleventh Amendment." *Addlespurger v. Corbett*, 461 F. App'x 82, 86 (3d Cir. 2012) (affirming dismissal of claims against Pennsylvania Office of Attorney General based on sovereign immunity). Because the OAG is a state agency, it is entitled to sovereign immunity and must be dismissed from this action. *See Malcomb v. Beaver County*, 616 F. App'x 44, 45 (3d Cir. 2015) (granting the Attorney General's Office's motion to dismiss because they are immune from § 1983 claims under the Eleventh Amendment).[4]

> 2.    *The individual OAG Defendants are entitled to prosecutorial immunity.*

The doctrine of prosecutorial immunity protects state prosecutors "from liability under § 1983 for actions performed in a quasi-judicial role." *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006), citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Under this doctrine, a prosecutor acting within the scope of his duties in "initiating a

---

[4] As the OAG Defendants' correctly point out, doc. 11 at 5, to the extent Pilchesky sues McCarthy, Mahler, and Henry in their official capacities, those claims are equally barred under the Eleventh Amendment. *See Hafer*, 502 U.S. at 26.

prosecution and in presenting the State's case" is absolutely immune from civil suit for damages under § 1983. *Imbler*, 424 U.S. at 427.

To establish prosecutorial immunity, a defendant "must show that the conduct triggering absolute immunity clearly appears on the face of the complaint." *Roberts v. Lau*, 90 F.4th 618, 631 (3d Cir. 2024). "[T]hat burden is uniquely heavy" at the motion to dismiss stage "because . . . 'it is the [prosecutor's] conduct *as alleged in the complaint* that is scrutinized." *Id.*, quoting *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). As alleged on the face of the Amended Complaint, Pilchesky's allegations against McCarthy and Mahler show that their conduct triggers absolute immunity.

First, Pilchesky alleges that McCarthy filed documents with the court. *See* doc. 9 ¶¶ 53-54 (filing an opposition brief); *id.* ¶ 58 (filing an appeal); *id.* ¶ 61 (filing a reply brief). Filing documents with the court as a prosecutor undoubtedly triggers absolute immunity because it is "a plainly prosecutorial act like filing a bill of information." *Odd v. Malone*, 538 F.3d 202, 212 (3d Cir. 2008) ("[T]he fact that some administrative acts necessarily accompany nearly all prosecutorial acts should not strip prosecutors of immunity.").

Likewise, communications with attorneys involved in the prosecution are protected under prosecutorial immunity. Doc. 9 ¶¶ 59-62, 97. McCarthy's communications with defense counsel and the designated appellate counsel are considered "participation in court proceedings and other conduct intimately associated with the judicial phases of litigation" and are "actions performed in quasi-judicial role." *Light v. Haws*, 472 F.3d 74, 77 (3d Cir. 2007), quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 356 (3d Cir. 1999).

Second, Pilchesky alleges that Mahler appeared at oral argument and made legal arguments. *See* doc. 9 ¶ 129. Making an appearance at oral argument and presenting the state's case is, again, conduct clearly within the scope of a prosecutor's duties. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). Accordingly, the undersigned finds that McCarthy and Mahler are entitled to prosecutorial immunity and should be dismissed from this action.

### 3.    *Pilchesky fails to allege Henry's personal involvement*

Section 1983 "liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citation omitted). "It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000).

Here, Pilchesky fails to allege Henry's personal involvement in any alleged constitutional violations. Pilchesky's allegations against Henry are conclusory, consisting of unsupported grievances about how Henry failed to follow the OAG's mission statement or that she failed to properly train or supervise McCarthy or Mahler. Doc. 9 ¶¶ 154-174. The Court should discard these bare legal conclusions and factually unsupported accusations that merely state Henry unlawfully harmed Pilchesky. *See Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Because Pilchesky "failed to allege any personal involvement in the purported violation of his rights," the Court should dismiss his claims against former Attorney General Henry in her individual capacity. *Addlespurger*, 461 F. App'x at 86.

**B.    Frasch's Motion to Dismiss**

Turning to Frasch's motion to dismiss, the undersigned finds that Pilchesky fails to state a plausible fraud on the court claim.

Frasch argues that Pilchesky fails to state a claim because his claim rests on Frasch making "false statements" and presenting "bogus legal conclusions" during Pilchesky's prior federal civil action. Frasch's Br., doc. 26 at 6. Specifically, Frasch contends that these allegations amount to no more than mere disagreements with the outcome of the prior proceeding. *Id.* at 6-7. Frasch is correct.

To state a claim of fraud upon the court, a plaintiff must allege: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005). Fraud on the court must constitute "egregious misconduct . . . such as bribery of a judge or jury or fabrication of evidence by counsel." *Id.* (citation omitted).

Here, the factual allegations are insufficient to raise a plausible claim of fraud upon the court. Pilchesky merely alleges that Frasch made false statements in his brief supporting a motion to dismiss. Doc. 9. ¶¶ 189-191. Critically, Pilchesky fails to allege an intentional fraud or

that Frasch's statements in fact deceived the court. In reality, Pilchesky alleges only that the "Rooker-Feldman argument," a legal argument, not a factual statement, advanced by Frasch in previous litigation was "bogus." *Id.* ¶¶ 190-191. Pilchesky fails to allege how any part of Frasch's filing were indeed false and concedes that two federal judges agreed with Frasch's "bogus" argument. Doc. 31 at 3 (arguing Frasch's "bogus" arguments "persuaded Magistrate Judge Arbuckle to recommend that Judge Saporito should dismiss Pilchesky's" complaint, which he did). Pilchesky's claims against Frasch are merely an attempt to relitigate his previous losses in the guise of a new claim. These are arguments that should have been made before the Court of Appeals, if at all.

Here, Pilchesky fails to allege Frasch made any false factual statements, but even "proof of perjury is not enough to establish fraud upon the court." *Herring*, 424 F.3d 391. Legal arguments with which the losing party disagrees, which are all Pilchesky alleges here, are wholly insufficient. *Patra v. Pa. State Sys. of Higher Educ.*, No. 14-2265, 2017 WL 1021711, at *4 (M.D. Pa. Mar. 16, 2017) (finding assertions that filings were "not factually correct" and other claimed inconsistences that

amounted to mistake or inadvertence fall well short of the high standard for fraud upon the Court).

Accordingly, the undersigned finds that Pilchesky has failed to state a plausible fraud upon the court claim.

## C.   Injunctive Relief

Pilchesky asks this Court to affirm that the defendants violated his constitutional rights and enjoin them from charging or prosecuting him "ever again." Doc. 9 ¶ 249(b). The Court cannot grant such relief.

"Declaratory judgment is not meant to adjudicate alleged past unlawful activity." *Wenzig v. Serv. Empls. Int'l Union Local 668*, 426 F. Supp. 3d 88, 100 (M.D. Pa. 2019). Purely speculative violations that are "not ongoing at the time that [Pilchesky] filed the complaint," cannot be granted. *See Blankeney v. Marsico*, 340 F. App'x 778, 780 (3d Cir. 2009). Pilchesky alleges no facts to indicate any continuing prosecution or even a theoretical possibility of one. And a "theoretical possibility . . . is not enough," to grant injunctive relief. *See Hamilton v. Bromley*, 862 F.3d 329, 336 (3d Cir. 2017). As "nothing is alleged to indicate a likelihood that the prosecutor will predicate a second prosecution upon the matter here in suit," *Carter v. Chief of Police*, 437 F.2d 413, 415 (3d Cir. 1971), the

Court should not grant injunctive relief. As such, Pilchesky's requests for such relief should also be dismissed.

## IV.   LEAVE TO AMEND

The Third Circuit instructs this Court to grant leave to amend when a *pro se* plaintiff has filed a complaint subject to dismissal under Rule 12(b)(6), unless amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Pilchesky is a *pro se* litigant who has had numerous opportunities to bring a plausible claim against the defendants in state and federal courts,[5] and twice in this action. He has

---

[5] Indeed, Pilchesky previously sued Henry and the OAG in case No. 3:24-cv-45-JFS, in which Frasch represented the defendants. That complaint was dismissed, and, according to Pilchesky's complaint, that loss led directly to this action. Pilchesky is a self-admittedly prolific *pro se* litigant, having filed or unsuccessfully attempted to intervene in nearly a dozen federal cases over the years, and boasts of having filed 270 county suits and 50 appeals. Doc. 9 at 6. Given the frequency with which Pilchesky wastes the time and resources of this and other Courts and the unfortunate defendants he targets, and considering that even a criminal conviction for the unlicensed practice of law has not dissuaded him from frivolous litigation, the Court should strongly consider ordering Pilchesky to show cause why he should not be enjoined from filing future lawsuits. "A district court may enter a filing injunction if (1) the litigant has been continuously abusing 'the judicial process by filing meritless and repetitive actions,' (2) the court provides notice to the litigant, and (3) the injunction is 'narrowly tailored to fit the circumstances of the case before the District Court.' " *Mina v. United States Dist. Ct.*, 710 F. App'x

continued to fail to do so and has unfairly burdened the Defendants with frivolous allegations. For the reasons explained here, it would be futile to permit Pilchesky to amend once more. The undersigned, therefore, respectfully recommends that the Court dismiss the Amended Complaint with prejudice.

## V.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

(1)    The OAG Defendants' motion to dismiss, doc. 10, be **GRANTED**;

(2)    Frasch's motion to dismiss, doc. 25, be **GRANTED**;

(3)    The Amended Complaint, doc. 9, be dismissed with prejudice; and

(4)    The Clerk of Court be directed to close this case.

---

515, 518 (3d Cir. 2017), citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). At the very least, Pilchesky should consider himself on notice that, should he continue to file frivolous and abusive suits, he may be enjoined from filing without prior approval of the Court, and may be subject to sanctions under Rule 11. *See Allbaugh v. Univ. of Scranton*, No. 24-2237, 2025 U.S. Dist. LEXIS 167299, at *14 (M.D. Pa. Aug. 28, 2025) ("pro se parties may be sanctioned if their actions are objectively unreasonable;" collecting cases).

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: February 12, 2026                      s/*Sean A. Camoni*
                                             Sean A. Camoni
                                             United States Magistrate Judge

Page 17 of 17