# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH PILCHESKY,

     Plaintiff,

     v.

OFFICE OF ATTORNEY
GENERAL OF PA, et al.,

     Defendants.

CIVIL ACTION NO. 1:24-CV-2258

(SAPORITO, J.)
(CAMONI, M.J.)

## ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Sean A. Camoni, in which he recommends that the defendants' motions to dismiss (Doc. 10; Doc. 25) be granted. (Doc. 32).

The plaintiff brings claims against five defendants: (1) Office of the Attorney General of PA; (2) Attorney General, Michelle Henry; (3) Deputy Attorney General, Phillip McCarthy; (4) Senior Deputy Attorney General, Cari Mahler; and (5) Deputy Attorney General, Jacob Frasch. Those claims include: (1) First Amendment retaliation; (2) selective prosecution under the First and Fourteenth Amendments; (3) due process violations under the Fourteenth Amendment; (4) First Amendment

invasion of privacy; (5) violations of Equal Protection; (6) Fourth Amendment unlawful search and seizure; and (7) conspiracy.

Upon review of the *pro se* plaintiff's amended complaint, Judge Camoni found that three of the defendants were entitled to immunity for their roles in the underlying action. Judge Camoni found that the Office of the Attorney General of PA was entitled to sovereign immunity because it was a state agency. He further concluded that defendants McCarthy and Mahler were shielded by prosecutorial immunity for actions taken within the scope of their duties. In addition, Judge Camoni determined that the plaintiff failed to allege defendant Henry's personal involvement in the purported violation of his rights necessary to establish his claims. Finally, Judge Camoni considered the plaintiff's claims against defendant Frasch predicated on defendant Frasch making "false statements" and presenting "bogus legal conclusions" during the plaintiff's prior federal civil action and concluded that those factual allegations were insufficient to state a viable claim. Therefore, Judge Camoni recommends the dismissal of all claims against all defendants.

The plaintiff filed his objections to Judge Camoni's report and recommendation on February 26, 2026. (Doc. 33). The plaintiff, however,

appears to spend the majority of his objections addressing his grievances with the legal system in its entirety rather than engaging in the substantive portions of Judge Camoni's report. *See, e.g.,* (Doc. 33, at 19) (including a section labelled "M.J. Camoni's glaring prejudice."). Therefore, after conducting a de novo review of the contested portions of the report, we deem the plaintiff's objections to be unpersuasive as they concern issues outside the scope of Judge Camoni's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *United States v. McLaughlin*, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022).

We conclude that, following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested and contested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Camoni's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      The report and recommendation of Judge Camoni (Doc. 32) is **ADOPTED** in its entirety;

2.      The defendants' motions to dismiss (Doc. 10; Doc. 25)) are **GRANTED**; and

3.      The Clerk shall close this case.

Dated: February 27, 2026          *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  United States District Judge